IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| LAUNCH, LLC d/b/a LAUNCH SOMETHING,<br><br>                                  Plaintiff,<br>v.<br><br>THE HARTFORD INSURANCE COMPANY and TWIN CITY FIRE INSURANCE COMPANY,<br><br>                                Defendants. | **COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff, complaining of the Defendants, alleges and says as follows:

1. That the Plaintiff, Launch, LLC, (herein referred to as "Plaintiff") is a citizen and resident of Spartanburg County, State of South Carolina.

2. Defendant The Hartford Insurance Company (hereinafter "Hartford") is an insurance company organized and existing under the laws of the state of Connecticut with its principal place of business in Hartford, Connecticut. Hartford is authorized by the South Carolina Department of Insurance to issue insurance policies in the state of South Carolina and does so.

3. Defendant Twin City Fire Insurance Company (hereinafter "Twin City") is an insurance company organized and existing under the laws of the state of Connecticut with its principal place of business in Hartford, Connecticut. Twin City is authorized by the South Carolina Department of Insurance to issue insurance policies in the state of South Carolina and does so.

4. That, upon information and belief, Twin City is wholly owned by Hartford, which is a wholly owned subsidiary of The Hartford Financial Services Group, Inc., which is a publicly traded corporation that has no parent corporation.

5. That Hartford and Twin City (collectively, "Defendants") are authorized to issue insurance policies in South Carolina, and that Hartford and Twin City issue insurance policies in South Carolina; specifically, Spartanburg County, South Carolina.

6. That all Defendants are subject to this Court's specific personal jurisdiction pursuant to the South Carolina Long Arm Statute, S.C. Code Ann. § 36-2-803.

7. The most substantial part of the acts and/or omissions giving rise to the cause of action stated herein occurred in Spartanburg County, State of South Carolina.

8. The amount in controversy, exclusive of interest and costs, exceeds $75,000, and this Court has subject matter jurisdiction over this action. Diversity jurisdiction is proper.

9. At all times relevant hereto, Defendants are liable for the acts or omissions of their employed servants, agents, or employees as the same were acting within the course and scope of said service, agency, or employment with Defendants under the theory of *respondeat superior.*

10. That on or about February 27, 2021, the Plaintiff's personal and business property, located at 351 E Kennedy St, Spartanburg, SC 29302 ("the business"), was damaged by severe and unexpected, sustained lightning/thunderstorm.

11. That on or about February 27, 2021, as the direct force of the lightning/thunderstorm Plaintiff had a catastrophic failure of its primary business server and as a result was unable to operate its business for several months.

12. That the loss was a result of equipment breakdown, a direct physical loss, and other combining or singular factors that caused Plaintiff's server, equipment, media, computers, data, software, and other devices to suffer harm.

13. That prior to February 27, 2021, Plaintiff contracted with Defendant Hartford to insure the Plaintiff's property against this type of damage for consideration received, as evidenced

by the insurance policy numbered 22SBAAB7024 ("the Policy").

14.     That the Policy included, but did not limit itself to, personal and business property coverage, stretch plus policy coverage, business breakdown coverage, business income, extra expenses, and several endorsements and illusory conditions/restrictions.

15.     That on and prior to February 27, 2021, Plaintiff was the named insured on the Policy and that on February 27, 2021, the Policy was in full force and effect.

16.     That all times relevant hereto, the Policy was in effect and active for the business owned and operated by the Plaintiff that is the subject of this action.

17.     That the issuance of the Policy by Defendants created a mutually binding contract of insurance between the Plaintiff and the Defendants and gave rise to a contractual relationship between the Plaintiff and the Defendants.

18.     That on or about March 1, 2021, upon immediately discovering the catastrophic failure, Plaintiff contacted its IT Vendor, IMS, for assistance.

19.     That IMS and the server equipment vendor WD Sentinel could not restart the server either remotely or in person despite attempts made from March 1, 2021 to March 5, 2021.

20.     That on or about March 5, 2021, IMS and WD Sentinel determined that the only option was to attempt data recovery, and both recommended a company called OnTrack.

21.     That after the above-described incident, the Plaintiff submitted a claim for damages to the Defendants in accordance with the requirements of the Policy referenced herein.

22.     And that, on March 9, 2021, Plaintiff contacted OnTrack and was quoted $500 for an initial evaluation of the problem.

23.     That on or about March 11, 2021, OnTrack gave an estimate for $9,870 for data recovery, and Plaintiff promptly submitted the same to Defendants for review.

24. That after multiple attempts to get a response from the Defendant Hartford and Defendant Twin City, through their employees/agents, Defendants finally gave approval to proceed with the data recovery on or about March 12, 2021.

25. On March 15, 2021, Plaintiff received the data that OnTrack was able to recover via a hard drive; however, Plaintiff only had access to the recovered data in a very limited way via a single computer physically connected to the hard drive with download-only capabilities on a file-by-file basis. This mode took approximately 30-60 minutes per file, provided no remote employee access to files, and there was no server for the file sharing and storage which was less than the minimum characteristics needed by Plaintiff to become operational.

26. That the Defendants initially agreed to make payment for the benefits due under the contract for the Plaintiff's loss and damages.

27. That thereafter, Hartford and Twin City adjusters began to systematically delay, deny, and/or provoke Plaintiff to accepting a settlement less than the policy(ies) provide. Defendants did this to the detriment of the Plaintiff.

28. That during the Defendant's delay in processing and handling the claim, and after Plaintiff submitted several documents and receipts showing lost wages and earnings, on or about May 6, 2021 the Defendants requested that the Plaintiff alert the Defendants when their business was operational.

29. That Defendants admitted the business was still not operational from February 27, 2021 to at least May 6, 2021.

30. That thereafter, between May 6, 2021 and June 15, 2021, Plaintiff maintained direct communication about the status of the server creation and data restoration with agents of Defendants.

31. That finally on June 15, 2021, Plaintiff's business was finally functioning.

32. That Plaintiff provided audited financials and proof of the business loss(es) claim to Hartford and provided a reasonable amount of time for Defendants to fully evaluate Plaintiff's losses.

33. Plaintiff also provided the Defendants documentation from IMS that described the hardware replacement and further attempts to restore, rebuild, and/or replace the server(s) so Plaintiff's business could be operational.

34. Thereafter, Plaintiff promptly made a demand under the policy(ies), and provided all reasonable and necessary documents, within the policy limits.

35. That on August 18, 2021, the Defendants finally responded with another absurd denial of coverage and refused to fully compensate the Plaintiff for benefits due under the contract of insurance and said insurance policy(ies).

36. That Defendants incorrectly asserted that exclusions and limitations within the policy(ies) existed to limit Plaintiff's reimbursement and recovery.

37. As a direct and proximate result of the above, Plaintiff's property contained within the business and as a part of the business, including but not limited to priceless servers, hard drives, necessary suspension time, extended business income, business income, extra expense, loss of business income, time, payroll, data, equipment, equipment data, software, hardware, structural integrity, media, and/or peace of mind surrounding the data and privacy within the insured property, was damaged and/or destroyed.

38. The intentional acts and liability of the Defendants include their agents, principals, employees and/or servants, both directly and vicariously, pursuant to principles of corporate liability, apparent authority, agency, ostensible agency, and or *respondeat superior*.

39. At all times referenced in this Complaint, Defendants through their agents, adjusters, analyzers, representatives, and contacts/contractors were acting as agent(s), employee(s), and/or servant(s) of the Defendants and were acting within the course and scope of her/his/their employment.

40. That Defendants are jointly and severally liable as to all damages alleged herein since their intentional acts, singularly or in combination, are a proximate cause of Plaintiff's damages, injuries, and losses.

**FOR A FIRST CAUSE OF ACTION**
**(Bad Faith Denial of Insurance Benefits Against**
**Defendant Hartford and Defendant Twin City)**

41. Plaintiff re-alleges and incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

42. South Carolina recognizes a tort cause of action for bad faith failure to pay first party insurance benefits. *See, e.g. Nichols v. State Farm Mut. Auto. Inc. Co.*, 279 S.C. 336, 306 S.E.2d 616 (1983).

43. Defendants' failure to pay benefits to Plaintiff violated the insurance policy.

44. Under the insurance policy, Defendants owed to the Plaintiff a duty to act in good faith and to deal fairly. Defendants breached this duty when it negligently, willfully, recklessly, unreasonably, without just cause, and/or in bad faith refused to pay benefits due under the Policy.

45. By reason of Defendants' conduct, Plaintiff directly and proximately suffered actual damages including, but not limited to, loss of insurance benefits, loss of use of insurance benefits, mental anguish, unnecessary litigation expenses, and other consequential damages as set forth herein.

46. Plaintiff is entitled to a judgment against Defendants for the full amount of its damages, including all actual and consequential damages.

47. Defendants' conduct also warrants an award of punitive damages.

48. Because of Defendant Hartford and Defendant Twin City's conduct, Plaintiff is also entitled to an award of attorneys' fees against Defendant all Defendants pursuant to S.C. Code Ann. § 38-59-40.

**FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract Against Defendant Hartford and Defendant Twin City)**

49. Plaintiff re-alleges and incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

50. Defendants' conduct as described above was in violation of the insurance policy and constitutes a breach of contract.

51. That Defendants acted in a manner contrary to the insurance policy and even its own representations made to Plaintiff and others.

52. As a direct and proximate result of Defendants' breach of contract, Plaintiff has sustained damages as set forth herein.

53. At no point, relevant hereto, has Plaintiff breached the policy.

54. Plaintiff is entitled to a judgment against Defendants for the full amount of her actual damages and attorneys' fees.

**FOR A THIRD CAUSE OF ACTION**
**(Negligence Against Defendant Hartford and Defendant Twin City)**

55. Plaintiff re-alleges and incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

56. Defendant Hartford and Defendant Twin City, by and through their employees, agents, contractors, in-house insurance adjusters, managers, and/or administrators, owed Plaintiff certain duties to properly handle Plaintiff's claims arising out of the special relationship and confidence of trust placed on them by Plaintiff, and the covenant and duty of good faith and fair dealing implied as a matter of law in contracts of insurance; Defendants also owed Plaintiff a duty arising under the law of barratry, South Carolina statutes and common law, and causes of action set forth herein not to force Plaintiff to maintain a lawsuit that forces Plaintiff to incur legal fees.

57. Defendant Hartford and Defendant Twin City were negligent, reckless, grossly negligent, willful and wanton in their investigation and handling of Plaintiff's claim in one or more of the following particulars:

    a. In failing to offer to pay the amount of their evaluation of the claim;

    b. In failing to make an appropriate offer to Plaintiff after being put on notice of all relevant facts and information upon which to provide a good faith response to the same;

    c. Upon information and belief, in considering improper factors when evaluating the claim and forcing Plaintiff to file suit;

    d. In forcing Plaintiff to file suit by not making a reasonable offer while knowing the great likelihood that Plaintiff's property would sustain further damage;

    e. In using tactics to delay Plaintiff's claim, causing Plaintiff mental anguish;

    f. In failing to make a reasonable offer when they had no reasonable basis upon which to do so;

    g. In failing to evaluate the claim properly given the information then available;

  h. Upon information and belief, in violating their own policies, procedures, and/or guidelines regarding the investigation and handling of similar claims;

  i. In failing to exercise the degree of care, caution, and good faith that a reasonably prudent insurance carrier, manager, or adjuster would exercise under the same or similar circumstances;

  j. In failing to train, retain, hire, and monitor its employees/agents;

  k. In placing their own interest ahead of those of the insured; and

  l. In failing to place the insured's interests ahead of those of Defendants.

58. By reason of Defendants' negligence, recklessness, gross negligence, willfulness, and wantonness, Plaintiff directly and proximately suffered actual damages including, but not limited to, loss of insurance benefits, loss of use of insurance benefits, mental anguish, consequential damages, and other damages as set forth above.

59. Plaintiff is entitled to a judgment against Defendants for the full amount of her actual damages, as well as for punitive damages.

## FOR A FOURTH CAUSE OF ACTION
**(Civil Conspiracy Against Defendant Hartford and Defendant Twin City)**

60. Plaintiff re-alleges and incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

61. A combination of Defendant Hartford and Defendant Twin City conspired to injure Plaintiff.

62. That Defendants had a common design or plan to make an example out of Plaintiff's case to show other claimants and attorneys that Defendants will not settle but will instead force claimants to file suit regardless of the legitimacy of the claimant's injuries and damages and to postpone and delay payment of Plaintiff's claim, thereby causing Plaintiff's property to sustain

additional damage with the intent to force Plaintiff to settle for less than the full amount of Plaintiff's claim.

63. A combination of Defendant Hartford and Defendant Twin City conspired to act in furtherance of said design or plan for the purpose of injuring Plaintiff by failing and refusing to settle her/its/Plaintiff's claim when Defendants knew the severity of the damage to Plaintiff's property, physically, fiscally, and internally.

64. That Defendants realized denying, in whole or part, Plaintiff's insurance claim and demand would allow Defendants to continue to collect interest in its several financial accounts, all to the detriment of the Plaintiff.

65. That the Plaintiff never approved (nor would she) the Defendants' actions in not presenting or making a good faith basis to settle and offer the insurance policy. The Defendants orchestrated an absurd denial, in part, to prolong Plaintiff's harm.

66. As a direct and proximate result of Defendants' civil conspiracy, Plaintiff has suffered damages as described above, as well as special damages including but not limited to loss of insurance benefits, loss of use of insurance benefits, mental anxiety, and litigation expenses.

67. Plaintiff is also entitled to punitive damages because Defendants acted with actual malice in planning their course of action and exercising their course of action against Plaintiff.

WHEREFORE, Plaintiffs pray for judgments against one or both Defendants as follows:

a. Actual damages found to be fair and equitable within the discretion of the fact finder;

b. Punitive damages if proven by clear and convincing evidence found to be fair and equitable within the discretion of the fact finder if proven by clear and convincing evidence;

c. For the costs and disbursements of this action; and

      d.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**HODGE & LANGLEY LAW FIRM, P.C.**

*s/ T. Ryan Langley*
T. Ryan Langley, Esquire
SC Bar No. 10047
Matthew T. Foss
SC Bar No. 13271
P.O. Box 2765
Spartanburg, SC 29304
Ph: (864) 585-3873
Fax: (864) 585-6485
rlangley@hodgelawfirm.com
mfoss@hodgelawfirm.com

Dated: March 30, 2022
Spartanburg, South Carolina