IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Launch, LLC d/b/a Launch Something, | ) ) ) | C.A. No. 7:22-cv-1021-DCC |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| Twin City Fire Insurance Company, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

    This matter is before the Court on Defendant Twin City Insurance Company's Motion to Compel Thomas Kelly ("Kelly") of the Warren Group to fully respond to the subpoena *duces tecum* served on him. ECF No. 47. Plaintiff filed a Response in Opposition. ECF No. 49. For the reasons set forth below, the Motion is denied.

## BACKGROUND

    The present Motion concerns a discovery dispute between Plaintiff and Defendant. ECF No. 47 at 1–2. Plaintiff retained expert witness Kelly and disclosed him as such. *Id.* at 1. Defendant served a subpoena *duces tecum* on Kelly, and counsel for Plaintiff assisted Kelly with his response to Defendant's subpoena. *Id.* Pursuant to the subpoena, Plaintiff's counsel produced 973 pages from Kelly, of which Plaintiff's counsel completely redacted the last four pages and provided a privilege log for the redacted pages. *Id.* The privilege log states that the redacted pages constitute a "[c]lient-prepared timeline by attorney request" and asserts both attorney-client and work product privilege. ECF No.

47-2 at 2.  The parties conferred but were unable to resolve the dispute.  ECF No. 47 at 2.  After the Court held a telephone conference with Plaintiff and Defendant on July 20, 2023, and directed Defendant to file the Motion to Compel, Defendant filed the Motion on the same day.  ECF Nos. 46, 47.  On August 3, 2023, Plaintiff filed its Response in Opposition.  ECF No. 49.  Accordingly, this matter is ripe for review.

## APPLICABLE LAW

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  A matter is relevant if it has any tendency to make a fact of consequence to the action more or less probable than it would be otherwise.  Fed. R. Evid. 401.  The district court may broadly construe this and the other rules enabling discovery, but it "must limit the frequency or extent of discovery otherwise allowed" if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; if the requesting party "has had ample opportunity to obtain the information by discovery in the action"; or if it is otherwise "outside the scope permitted by Rule 26(b)(1)."  Fed R. Civ. P. 26(b)(2).  "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1993).

## DISCUSSION

Defendant requests production of the four redacted pages.  ECF No. 47 at 5. Defendants contends that its Motion to Compel should be granted because the redacted

pages constitute "facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed[.]"  *Id.* at 2 (citing Fed. R. Civ. P. 26(b)(4)(C)(ii)).  Defendant contends that Kelly provided a timeline in his report, and it is unclear whether Kelly relied on the timeline in the four redacted pages to generate his timeline.  *Id.*  Defendant contends that Kelly formed the opinion that "[t]here was no unreasonable delay in this process and the Company had no meaningful way to conduct its business once this process was started from the period of February 27, 2021, to June 15, 2021[,]" ECF No. 47-3 at 7, and in forming such an opinion, it is unclear whether Kelly relied on the timeline in the four redacted pages, ECF No. 47 at 3.  Further, Defendant argues that Kelly formed the opinion that the "[r]estoration of the files, file structure and access permissions took a large amount of time due to the quantity of files that were involved, encryption on the files, and other issues in transmission that were reasonable under the circumstances[,]" ECF No. 47-3 at 8, and, again, in forming this opinion, it is unclear whether Kelly relied on the timeline in the four redacted pages, ECF No. 47 at 3.  Defendant also relies on two cases from other courts in this district. *Id.* at 3–5; *American Fidelity Assurance Co. v. Boyer*, 225 F.R.D. 520 (D.S.C. 2004); *Clean Management Environmental Group Inc. v. Asymmetric Applications Group Inc.*, C.A. No. 2:19-00942-BHH, 2020 WL 4679351, at *4 (D.S.C. June 12, 2020).

In contrast, Plaintiff contends that Defendant's Motion to Compel should be denied because counsel for Plaintiff inadvertently provided the four redacted pages to Kelly, and Kelly did not read the pages.  ECF No. 49 at 2–3 (citing Fed. R. Evid. 502).  Plaintiff contends that the expert did not see the four redacted pages "and has no bearing on his opinions[.]" *Id.* at 4.  Plaintiff argues that Defendant has not demonstrated under Federal

Rule of Civil Procedure 26(b)(3)(A)(i)-(ii) that the four redacted were relied upon, considered, or that Defendant is in substantial need of the pages. *Id.*

Having considered the arguments and submissions of the parties, the Court denies Defendant's Motion to Compel. "Subpoenas issued to a nonparty are governed by Federal Rule of Civil Procedure 45." *Clean Mgmt. Env't Grp. Inc.*, 2020 WL 4679351, at *2 (citing Fed. R. Civ. P. 45; Fed R. Civ. P. 34(c)). "[T]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *Id.* (citing *Phillips v. Otney*, C.A. No. DKC 14-0980, 2016 WL 6582647, at *2 (D. Md. Nov. 7, 2016) (quoting *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240–41 (E.D. Va. 2012))) (internal quotation marks omitted). Fed. R. Civ. P. 26(b)(4)(C), which governs communications between a party's attorney and a retained expert witness, provides that:

> Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
>
> (i) relate to compensation for the expert's study or testimony;
>
> (ii) identify facts or data that the party's attorney provided and that the expert *considered* in forming the opinions to be expressed; or
>
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(C) (emphasis added).

Here, no facts in the pleadings, briefing, or any exhibits suggest that Kelly considered the four redacted pages in forming the opinions included in his report. Communications between counsel for Plaintiff and Kelly are protected from disclosure

4

unless Kelly considered facts or data provided by counsel for Plaintiff in forming his opinions. Defendant contends that it is entitled to the four redacted pages because Kelly considered the four redacted pages, ECF No. 47 at 5, but concedes that (1) "[t]here is no indication whether [Kelly's] timeline was taken in part or in whole from the timeline provided by Plaintiff" and (2) that it is unclear whether Kelly considered the four redacted pages in forming the opinions contained within his report, *id.* at 2–3. Plaintiff asserts that "the document was not seen by the expert and has no bearing on his opinions[,]" ECF No. 49 at 4, and Defendant has not alleged any facts that would indicate otherwise. Defendant relies, in part, on *Clean Management Environmental Group Inc. v. Asymmetric Applications Group Inc.* to assert that Plaintiff must produce the four redacted pages because an "expert must produce 'any information furnished [to him] that [he] generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if such information is ultimately rejected.'" ECF No. 47 at 5 (quoting *Clean Mgmt. Env't Grp. Inc.*, 2020 WL 4679351, at *5). However, as discussed above, Defendant has not alleged any facts that suggest Kelly read the four redacted pages, especially considering that Plaintiff argues otherwise. To the extent Defendant relies on *American Fidelity Assurance Co. v. Boyer*, the Court finds it to be distinguishable from the present case insofar that the case was decided prior to the 2010 amendment to Federal Rule of Civil Procedure 26. Accordingly, the Court denies Defendant's Motion to Compel.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel [47] is **DENIED**.

IT IS SO ORDERED.

5

                                             <u>s/ Donald C. Coggins, Jr.</u>
                                             United States District Judge

December 12, 2023
Spartanburg, South Carolina